UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23145-CV-MORENO
CRIMINAL CASE NO. 01-00396-CR-ROSENBERG
MAGISTRATE JUDGE REID

ULYSSES CANNON,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE REID

This cause is before the Court upon Movant Ulysses Cannon's ("Movant" or "Cannon") Motion to Vacate pursuant to 28 U.S.C. § 2255 (the "Motion"). [Cv-DE 5]. Cannon sought to vacate his sentence and conviction as to Count 3 under 18 U.S.C. § 924(o), because conspiracy to commit Hobbs Act robbery is no longer a valid predicate for §§ 924(o) and 924(c) convictions. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Cannon, however, has conceded that, in light of recent Eleventh Circuit precedent, this Court is precluded from granting him relief. [Cv-DE 19, at 3]. Thus, for the reasons set forth below, this Court recommends that Movant's Motion be **DENIED**.

    I.    <u>Background</u>

As outlined in the previous report and recommendation [DE 11], this case involves a string of three home invasions that took place between June and September of 1997. Cannon and a crew of co-conspirators including Lenny Russell ("Russell"), Mark Bell ("Bell"), Morland Ivey ("Ivey"), Henry Richardson ("Richardson"), Al Wordly ("Wordly"), and Hubert Gilbert

1

("Gilbert") planned to rob a series of homes that belonged to drugs dealers and were thought to have large amounts of drugs and money so that they could take the money and sell the drugs. [*Id.*]. Movant participated in two of the three invasions. [*Id.*].

## II.   Procedural History

On July 6, 2001, a federal grand jury in the Southern District of Florida returned a superseding indictment charging Cannon with the following offenses:

Overlapping Conspiracy Charges

- Conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 1);

- Conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §1951(a) (Count 2);

- Conspiracy to use, carry, and brandish a firearm during and in relation to a crime of violence and a drug trafficking crime and to possess a firearm in furtherance of a crime of violence and drug trafficking crime as set forth in Counts 1, 2, 4, 5, 7, 8, 10, 11, 12, and 13 in violation of 18 U.S.C. § 924(c)(1)(A) and (o) (Count 3);

Charges Related to the June 20, 1997 Home Invasion

- Attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (Count 4);

- Hobbs Act robbery, in violation of 18 U.S.C. §§1951(a) (Count 5);

- Possession of a firearm in relation to, and in furtherance of, a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c) as set forth in Counts 4 and 5 (Count 6);

Charges Related to the September 23, 1997 Home Invasion

- Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 10);

- Hobbs Act robbery of J.G. and V.F., in violation of 18 U.S.C. § 1951(a) (Count 11);

- Two counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 12 and 13);

- Using a firearm during and in relation to, and possessing a firearm in furtherance of a crime of violence and drug trafficking crime, as alleged in Counts 10, 11, 12, and 13, in violation of 18 U.S.C. § 924(c); and

- Possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

[CR-DE 51].

The indictment listed each of the offenses charged in Counts 1, 2, 4, 5, 10, 11, 12, and 13 as predicate crimes-of-violence or drug-trafficking offenses for the § 924(o) and § 924(c) offense charged in Count 3. [*Id*.]. The grand jury did not specify which predicate offense it relied upon for the charge in Count 3, and the court did not instruct it to do so. [*Id*.].

At trial, after the government completed its case and at the close of evidence, Cannon and his co-defendants moved for a Rule 29 Judgment of Acquittal on certain Counts including Counts 2, 5, and 11. [CR-DE 155]. The court reserved ruling on the motion until the jury entered a verdict. [CR-DE 155; CR-DE 189].

The jury instructions specified that the jury could find Cannon or his co-defendants guilty of Count 3 if all of the following facts were proved beyond a reasonable doubt: (1) defendant committed a crime of violence as set forth in Counts 2, 5, 8, 11, 12 or 13 or a drug trafficking crime as set forth in Counts 1, 4, 7, or 10; (2) during and in relation to the commission of any of those offenses defendant conspired to use or carry a firearm, or conspired to possess a firearm in

3

furtherance of a crime of violence or drug trafficking crime as charged; and (3) defendant knowingly conspired to use or carry the firearm, or knowingly conspired to possess the firearm. [CR-DE 158 at 17]. On May 6, 2002, the jury returned a unanimous general verdict convicting Cannon of all Counts. [CR-DE 164]. The jury did not specify which Counts it found were predicates for the § 924 offense in Count 3.

On July 22, 2002, the court granted the defendants' Rule 29 Judgment of Acquittal as to Counts 5 and 11, the Hobbs Act robberies on June 20, 1997 and September 23, 1997, because the government had not shown that the theft of the items from these individual residences satisfied the requisite minimal impact on interstate commerce threshold. [CR-DE 189]. On October 28, 2002, the court sentenced Cannon to a total of 660 months of imprisonment, consisting of: 360 months as to Counts 1 and 4; 240 months of imprisonment as to Counts 2 and 3; 60 months of imprisonment as to Count 10; and, 180 months as to Counts 12, 13, and 15, all to run concurrent with Counts 1 and 4, followed by consecutive sentences of 60 months of imprisonment as to Count 6 and 240 months of imprisonment as to Count 14. [CR-DE 221].

Movant's convictions and sentences were affirmed on appeal in a written, but unpublished opinion. *United States v. Cannon*, 76 F. App'x 298 (11th Cir. 2003) (unpublished table decision), [CR DE 253]. Certiorari review was denied by the United States Supreme Court. *See Richardson v. United States*, 540 U.S. 998 (2003). [CR DE 253].

Movant filed an initial § 2255 Motion on October 12, 2004, [CR DE 256], but it was later denied. [CR DE 259]. Then, on July 25, 2019, he filed an application for leave to file a second or successive § 2255 Motion, [CR DE 392], which was granted by the Eleventh Circuit Court of Appeals solely as to Movant's § 924 (o) conviction, as charged in Count 3 of the Superseding Indictment. *In re Cannon*, 931 F.3d at 1245; [Cv-DE 1]. On September 12, 2019, Cannon filed the

instant Motion to Vacate. [Cv-DE 5]. The undersigned issued a report and recommendation, [Cv-DE 11], and Movant filed objections to the same. [Cv-DE 12].

On March 2, 2021, the case was stayed pending the resolution of the appeals in *Granda v. United States* and *Foster v. United States*. The Eleventh Circuit issued its opinion in Granda's case on March 11, 2021 and Foster's case on May 4, 2021. *See Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021); *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021). On June 24, 2021, the case was reopened and referred to this Court for a report and recommendation, [Cv-DE 17], and on July 13, 2021, this Court entered a briefing schedule. [Cv-DE 18]. On August 3, 2021 Cannon responded conceding that the current Eleventh Circuit precedent precludes the Court from granting relief at this time, but insisted that he is not abandoning his claims and arguments, as he plans to petition for certiorari to seek Supreme Court review. [Cv-DE 19].

### III.     Procedural Bar

Cannon did not argue at trial or on direct appeal that his § 924(o) conviction under Count 3 was invalid because the § 924(c)(3)(B) residual clause was unconstitutionally vague. "[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Granda*, 990 F.3d at 1286 (quoting *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013)). Cannon "therefore, procedurally defaulted this claim and cannot succeed on collateral review unless he can either (1) show cause to excuse the default and actual prejudice from the claimed error, or (2) show that he is actually innocent of the § 924(o) and § 924(c) convictions." *Granda*, 990 F.3d at 1286.

#### A. Cannon cannot Show Cause or Prejudice

This court is bound by the Eleventh Circuit's decision in *Granda*. There, the Eleventh Circuit determined that while prior to Granda's challenge few, if any, litigants had contended that

the § 924(c) residual clause was unconstitutionally valid, because other litigants had challenged other portions of § 924(c) as vague, the tools existed for Granda to challenge § 924(c)'s residual clause as vague. *Granda*, 990 F.3d at 1288. The same is true here. For the reasons discussed in *Granda*, Cannon cannot show that his claim is "so novel that its legal basis [was] not reasonably available to [Cannon's] counsel." *Granda*, 990 F.3d at 1286 (quoting *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004)).

Having found that Cannon cannot show cause for failing to raise this issue at trial or on appeal, and because Cannon has presented no argument as to actual prejudice, this court need not address whether Cannon can show actual prejudice. Cannon cannot overcome procedural bar, thus his claims necessarily fail.

## IV. Cannon cannot Succeed on the Merits

Assuming *arguendo*, though, that Cannon could somehow overcome procedural bar, his claims would still fail on the merits.

Under *Stromberg v. California*, 283 U.S. 359 (1931), a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient. This is because the verdict may have rested exclusively on the insufficient ground. *Id*. As explained in *Granda*, however, after the Supreme Court decided *Stromberg*, it decided *Hedgpeth v. Pulido*, 555 U.S. 57 (2008), which clarified that *Stromberg* error is subject to the *Brecht v. Abrahamson*, 507 U.S. 619 (1993) harmless error standard.

Under the *Brecht* standard, reversal is warranted only when the petitioner suffered "actual prejudice" from the error. *Brecht*, 507 U.S. at 637. In other words, "the harmless error standard mandates that 'relief is proper only if the ... court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. There

must be more than a reasonable possibility that the error was harmful.'" *Foster*, 996 F.3d at 1107 (citing *Davis v. Ayala*, 576 U.S. 257, 267– 68 (2015)). "Thus, it is proper to look at the record to determine whether the invalid predicate actually prejudiced the petitioner -- that is, actually led to his conviction - - or whether the jury instead (or also) found the defendant guilty under a valid theory." *Granda*, 990 F.3d at 1294. As Cannon correctly points out, the burden to show that a jury *solely* relied on an invalid predicate for a § 924 conviction is the movant's to bear.

Cannon cannot meet this burden, because the valid predicates in this case are inextricably intertwined with the now invalid Hobbs Act conspiracy predicate. First, it is clear from the record that the objective of the home invasions was to forcibly take from the homes (1) money to pocket and (2) valuable items and drugs to sell. [CR-DE 185-1 at 20-43; CR-DE 170-1 at 44-72, 78-85]. Therefore, the goals of robbery and distribution necessarily intersect, as the goal of distribution could not have been achieved without first achieving the goal of robbery.

Second, the jury unanimously found Cannon guilty of conspiracy to possess with intent to distribute cocaine (Count 1); conspiracy to commit Hobbs Act robbery (Count 2); attempted possession with intent to distribute cocaine for the June 20, 1997 home invasion (Count 4); possession of a firearm in relation to, and in furtherance of, a crime of violence and drug trafficking crime for the June 20, 1997 home invasion (Count 6); possession with intent to distribute marijuana for the September 23, 1997 home invasion (Count 10); carjacking for the September 23, 1997 home invasion (Counts 12 and 13); using a firearm during and in relation to, a possessing a firearm in furtherance of a crime of violence or drug trafficking crime for the September 23, 1997 home invasion (Count 14); and possession of a firearm by a felon (Count 15). And while Cannon was acquitted of his convictions for Hobbs Act Robbery for the June 20, 1997 home invasion (Count

7

5) and attempted Hobbs Act robbery for the September 23, 1997 home invasion (Count 11), the jury unanimously found him guilty of these crimes as well.

Thus, it is clear that although the jury's findings did not rest on the same set of events, the jury still found beyond a reasonable doubt that on both occasions Cannon and his accomplices conspired to rob homes that they thought had drugs, valuables, and money in order to, *inter alia*, sell the drugs.

Third, the evidence supporting Cannon's conviction of conspiracy to possess a firearm in furtherance of the above-mentioned crimes, as charged in Count 3, includes (1) the multiple meetings Cannon had with his co-conspirators before the June 20, 1997 home invasion where the men planned to enter the home with guns, tie up the occupants with duct tape, and forcibly take cocaine from the home in order to sell it later [CR-DE 185-1 at 22]; (2) the meeting at Bell's house the night of the June 20, 1997 home invasion where the co-conspirators brought duct tape, handguns, gloves, and ski masks [CR-DE 185-1 at 26; CR-DE 170-1 at 50]; (3) the meeting Cannon had with Bell, Richardson, Hubert before the September 23, 1997 home invasion where the men again planned to enter the home with guns, tie up the occupants with duct tape, and forcibly take marijuana and money from the home [CR-DE 170-1 at 77-79]; and (4) the meeting at Bell's house the night of the September 23, 1997 home invasion where the men brought guns, ski masks, and gloves. [*Id*. at 79-80].

Accordingly, the jury could not have found that Cannon conspired to possess a firearm in furtherance of his robbery conspiracies charged in Count 2, without also finding that at the same time he conspired to possess the firearm in furtherance of his conspiracies to possess cocaine and marijuana as charged in Count 1, his attempt to possess the cocaine, as charged in Count 4, possession of marijuana, as charged in Count 10, and his carjacking offenses in Counts 12 and 13.

The predicates of the individual home invasions are therefore inextricably intertwined. Thus, "[t]here can be no grave doubt that the inclusion of the invalid predicate did not have a substantial influence in determining the jury's verdict in this case." *See Foster*, 996 F.3d at 1108 (citing to *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). If there was any error here, it was harmless.

V.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, for the reasons outlined in this Report, the undersigned recommends denial of a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court.

VI.   Recommendations

Based on the foregoing, it is recommended that the Motion to Vacate be **DENIED**. Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report.

**SIGNED** this 13th day of October, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc:   **U.S. District Judge Federico Moreno**; and
      **All Counsel of Record via CM/DE**